IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                    17-CR-6017CJS
                                                    17-CR-6016CJS

      v.

RICHARD WILBERN,

              Defendant.

## GOVERNMENT'S RESPONSE TO WILBERN'S PRETRIAL MOTIONS

The United States of America, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Douglas E. Gregory, Assistant United States Attorney, of counsel, hereby files its response to the pretrial motions of defendant Richard Wilbern.

## RULE 12(B)(4) NOTICE

The United States has filed two notices under Rule 12(B)(4) of the Federal Rules of Evidence. The first was filed pursuant to the Court's directive on April 28, 2017. A supplemental Rule 12(B)(4) Notice was filed on December 29, 2017.

1

## **DISCOVERY AND INSPECTION**

The United States has thus far complied with, and continues to respond to, defendant's requests for discovery under Rules 12 and 16 of the Federal Rules of Criminal Procedure. The government has been responsive to the defendant's requests to review tangible evidence and has provided several rounds of follow up discovery and/or clarification as requested by the defendant. The government will continue to provide any additional discoverable items as they become available.

    A.    Rule 16(a)(1)(A) - With respect to statements, all prior oral statements have been provided in discovery. See, Exhibit A to Government's Rule 12(b)(4)(A) Notice, ¶ (e).

    B.    Rule 16(a)(1)(B) - The defendant did not provide any written statements which the government intends to rely upon in their case-in-chief. With respect to recorded statements, all prior recorded statements have been provided in discovery. See, Exhibit A to Government's Rule 12(b)(4)(A) Notice, ¶ (e).

    C.    Rule 16(a)(1)(D) - The defendant has been provided with a copy of his prior criminal record, both by the government and the United States Probation Department.

    D.    Rule 16(a)(1)(E) - The defendant, through his attorney, has been permitted to inspect all tangible evidence currently held by law enforcement. This includes evidence maintained at the Webster Police Department and the Federal Bureau of Investigation. An investigator with the Public Defender's Office was present to

photograph all items of tangible evidence during the course of those meetings. Additionally, the defendant has been provided with all video evidence and, to the extent necessary, has been permitted to view the video evidence at the office of the United States Attorney.

E.   Rule 16(a)(1)(F) -   Reports of examinations and scientific tests have been turned over in discovery, including those pertaining to DNA evidence from the Monroe County lab and the Office of the Chief Medical Examiner (OCME). Pursuant to a request dated February 1, 2018, "electronic raw data" from both laboratories has been provided.   All reports relating to attempts to obtain fingerprint evidence has likewise been disclosed.   All reports relating to facial recognition analysis have likewise been provided.   All metallurgical comparison reports have been provided.   All reports relating to the forensic examination of certain computer or cell phones have been disclosed.[1]

F.   Rule 16(a)(1)(G) -   The government anticipates that it will call several expert witnesses in it case-in-chief.   At this point in time, the government gives notice of the following areas where it expects expert evidence.   The government reserves the right to supplement this notice.   In that event, notice under Rule 16(a)(1)(G) will be promptly provided, well prior to trial in this matter.

---

1   The Government still has within its possession an Apple Iphone 6, Model A1687.  A warrant authorizing a search of the phone's contents was signed by the Hon. Jonathan W. Feldman with several extensions to February 16, 2018.   As of February 16, 2018, the United States has not been able to access the contents as the device is password protected.

A. Forensic Biology/DNA Evidence

The government expects to call several expert witnesses relating to DNA testing performed by the Monroe County Lab and the Office of the Chief Medical Examiner (OCME). The government will identify the precise individuals expected to testify, a written summary of their expected testimony, to include the "witness's opinions, the bases and reasons for those opinions, and the witness qualifications". At this time, the government expects to call Nancy Scibetta, formerly employed as Assistant Director of the Monroe County Laboratory, relative to testing in 2003; Ellyn Colqhoun, Forensic Biologist I, DNA Technical Leader, Monroe County Crime Laboratory; Kristin McCann, Forensic Biologist I, formerly employed by the Monroe County Crime Laboratory; Craig O'Connor, Criminalist, OCME; Michele Egerman; Criminalist, formerly employed by OCME.

In terms of items seized at the crime scene at the XFCU, the expert testimony will involve DNA testing of an umbrella located on the desk of a female employee, as well as a chair located inside the same office. The government further intends to offer evidence of the DNA profile of Richard Wilbern, stemming from OCME's testing of an envelope and a buccal swab, as well as the Monroe County Crime Laboratory's testing of a buccal swab. The government intends to offer testimony that the DNA profile of Richard Wilbern is consistent with the DNA profile located at two locations on the umbrella.

The government also expects to provide evidence of DNA testing and comparison of several additional individuals. Reports relating to the "exclusion" of Jamel Brumfield and Webster Technician Len Williamson have previously been provided in discovery.

Additional testing for comparison purposes of other individuals is pending at the investigative stage. All reports of additional OCME testing in this regard will be provided as soon as they become available.

      B.    Fingerprint Evidence

The government intends to call Inv. Len Williamson, formerly of the Webster Police Department, relative to his attempts to lift fingerprints from certain locations, including an umbrella located on the desk of employee Felicia Wyatt and from various surfaces located within the Xerox Federal Credit Union. The reports have previously been turned over in prior discovery demands. It is anticipated that Williamson will explain the process that occurred and the fact that no usable prints were obtained. Mr. Williamson's background, qualifications and the basis of his conclusions will be provided well prior to trial in this matter.

      C.    Facial Recognition Testimony

The government has previously disclosed the report of examination of Walter E. Bruehs, FBI Operational Technology Division, of the Forensic Audio, Video and Image Analysis Unit. Lead 1045. Mr. Bruehs will testify that the Unit was requested to compare known facial images of Victor Johnson with the facial images of the alleged perpetrator as contained on the XFCU surveillance tape, as well as with two (2) still images taken from the video. He will opine that based upon the quality of the video tape, it could not be used for forensic comparison purposes. He will further opine that based upon the lack of visible detail

in the facial features depicted in the two (2) still images, Victor Johnson could neither be identified nor eliminated as being the suspect perpetrator. Mr. Bruehs' background, qualifications and the basis of his conclusions will be provided well prior to trial in this matter.

      D.     Height Analysis

The government has previously disclosed the report of examination of Walter E. Bruehs, FBI Operational Technology Division, of the Forensic Audio, Video and Image Analysis Unit. Lead 1090. Mr. Bruehs will testify that based upon his testing and analysis of the crime scene location, the alleged perpetrator is approximately 6'0" tall.

### *Government's Demand under Rule 16(b)(1)((B) & (C)*

It is anticipated that the defense will be calling their own experts at the time of trial and for any scheduled pre-trial evidentiary hearings, if warranted. The defendant's request for disclosure under Rule 16(a)(1)(F) triggers the Government demand for disclosure pursuant to Rule 16(b)(1)((B) and (C). Specifically, the government demands that the defense identify to the government the name of any expert witnesses it intends to call, a written summary of their expected testimony, a written summary of their opinions, copies of any and all tests performed which underlie their expected testimony, the bases and reasons for those opinions and the witnesses qualifications.

## ADDITIONAL DISCOVERY REQUESTS FILED FEBRUARY 1 and FEBRUARY 15, 2018

On or about February 1, 2018, the defense provided the government with a 5-page, single-spaced supplemental request for additional items, materials, photos, reports, notes, records and documents.  On February 15, 2018, the defense emailed the government with a list of additional items that they are requesting.  The government has worked diligently to provide most, if not all, of the requested items, including those that are not in the custody or control of the government.  As to the February 1, 2018 requests, those items are being supplied to the defense concurrent with the filing of this motion response.  The February 15, 2018 requests will be supplied by February 23, 2018.  The defense has indicated that it intends to file additional requests, to which the government will respond as appropriate.

## BRADY MATERIALS

The government is fully aware of its responsibilities under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963).  Brady does not create a constitutional right of pre-trial discovery in a criminal proceeding and it does not require that the prosecution reveal before trial the names of its witnesses.  Weatherford v. Bursey, 429 U.S. 545, 559 (1977).  Nor does it require the disclosure of evidence affecting the credibility of prosecution witnesses before it would otherwise become available under the discovery rules or the Jencks Act.  See United States v. Dotel, No. 93CR173, 1994 WL 25787, slip op. at 3 (S.D.N.Y. 1994) (Brady impeachment material as to government's witnesses -- i.e. Giglio material -- is properly

disclosed when witness testifies at trial); United States v. Feldman, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990) (same); United States v. Victor Teicher & Co., L.P., 726 F. Supp. 1424, 1442-43 (S.D.N.Y. 1989)(same).

Brady compels the government to disclose exculpatory material in time for its effective use at a trial or at a plea proceeding. United States v. Copa, 267 F.3d 132, 144 (2d Cir. 2001) ("as long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner. There is no Brady violation unless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial or at a plea proceeding.") (citations omitted).

The defense requests a "date certain" Order compelling the government to reveal all Brady materials, with an ongoing responsibility to disclose Brady materials on a rolling basis. To the extent Brady materials exist, the Government does not oppose this request.

## MOTION FOR PRODUCTION OF JENCKS ACT MATERIAL

The government declines to produce Jencks Act material on the schedule proposed by the defendant. The District Court judge assigned to handle the trial in this matter typically requires such disclosure by a date certain prior to trial. The Government does not object to providing materials under 18 U.S.C. § 3500 thirty (30) before trial or as required by the District Court's Pre-Trial Order.

8

## DISCLOSURE OF RULE 404(b), 608 AND 609 MATERIAL

Rule 404(b) of the Federal Rules of Evidence provides that the prosecution "shall provide reasonable notice in advance of trial ... of the general nature of any such evidence [of other crimes, wrongs, or acts] it intends to introduce at trial." Fed. R. Evid. 404(b). What constitutes reasonable notice "depends on the circumstances of the particular case." United States v. Reddy, 190 F.Supp.2d 558, 577 (S.D.N.Y. 2002). The United States has provided evidence, in the form of criminal history reports, documents and underlying police reports related to specific prior acts, including charged and uncharged crimes, in the course of discovery.

The District Court judge assigned to handle the trial in this matter typically requires 404(b), 608 and 609 disclosure by a date certain prior to trial. The United States will provide specific notification of any Rule 404(b), 608 and 609 evidence it intends to introduce at trial well in advance of trial, thus permitting the defendant to file motions *in limine* where desired. The trial in this matter, however, has yet to be scheduled in the District Court. Therefore, the government respectfully moves this Court to deny the defendant's motion on the ground that it is simply unwarranted at this time. See United States v. Birkett, 1999 WL 689992, *6 (S.D.N.Y.) (denying as premature defendants' motion for 404(b) evidence).

## MOTION FOR PRESERVATION OF ROUGH NOTES

The government understands its obligation to inform its agents and officers working this investigation to maintain copies of their rough notes for trial.

## GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

The government hereby requests that the defendant be directed to produce any and all discovery to which the government is entitled under Rules 16(b)(1)(A), 16(b)(1)(B) and 16(b)(1)(C).

## CONCLUSION

For the reasons specified herein, the defendant's motions for various forms of relief should be denied except insofar as the materials and information requested have been provided, or the relief sought in the motions is not at issue. Further, the government's motion for reciprocal discovery should be granted.

DATED:     February 16, 2018

                                        JAMES P. KENNEDY, JR.
                                      United States Attorney

                      BY:   s/DOUGLAS E. GREGORY
                            Assistant United States Attorney
                            United States Attorney's Office
                            100 State Street, Room 500
                            Rochester, New York 14614
                            585/263-6760
                            Douglas.Gregory@usdoj.gov

cc:    Anne Burger, Esq.