# FEDERAL PUBLIC DEFENDER'S OFFICE
## WESTERN DISTRICT OF NEW YORK

MARIANNE MARIANO
*FEDERAL PUBLIC DEFENDER*
marianne_mariano@fd.org

SONYA A. ZOGHLIN
*ASST. FEDERAL PUBLIC DEFENDER*
Sonya_Zoghlin@fd.org

28 EAST MAIN STREET
FIRST FEDERAL PLAZA, SUITE 400
ROCHESTER, NEW YORK 14614

585-263-6201
FAX: 585-263-5871

BUFFALO OFFICE
300 PEARL STREET, SUITE 200
BUFFALO, NEW YORK 14202
716-551-3341
716-551-3346-FAX

*REPLY TO: ROCHESTER*

June 21, 2018

**VIA E-MAIL**

Honorable Charles J. Siragusa
United States District Court Judge
100 State Street
Rochester, NY 14614

> Re:    *United States v. Richard Leon Wilbern*, 17-CR-6016-CJS, 17-CR-6017-CJS

Judge Siragusa:

By letter dated June 19, 2018, AUSA Douglas Gregory opines that the Federal Public Defender's Office is subject to a "serious conflict" due to its concurrent representation of Richard Wilbern and Thomas Lofton. Mr. Gregory recites the various attorneys who have represented and prosecuted Mr. Lofton since 2004. These attorneys include members of the Federal Public Defender's Office who filed notices of appearance in connection with Mr. Lofton's *Johnson* habeas petitions. Mr. Gregory characterizes the potential conflict as being either unwaivable or nearly so. The government's solution is simple: the Court should relieve Mr. Wilbern of his attorneys and substitute conflict-free counsel. This proposal, in Mr. Gregory's view, would "be the most fair result for Mr. Wilbern."

In response, the Court has ordered a hearing and directed the Federal Public Defender's Office to answer specific questions regarding its representation of Mr. Wilbern and Mr. Lofton.

The defense opposes Mr. Gregory's application on several grounds. First, Mr. Gregory's letter does not raise any issues that this Court has not already addressed in detail and, therefore, provides no basis to re-visit the resolved conflict. Second, the defense opposes Mr. Gregory's request that the Court unseal and/or reveal to the government the substance of prior submissions and *ex parte* discussions relating to matters of representation.[1] Should the Court be inclined to divulge such information to the government, the defense respectfully requests a stay of its order to enable the defense to seek immediate appellate review. Third, for reasons previously provided to the Court, the defense opposes any public or otherwise *non-ex parte* inquiry that extends to privileged matters, matters relating to attorney work product, or defense strategy. To the extent the Court intends to compel the disclosure of such material in the presence of the government, the defense again requests that the Court stay this order to enable counsel to seek immediate appellate review.

---

[1] In support of this objection, the defense relies on previous submissions and arguments provided to the Court.

In addition, and as a separate matter, the defense requests that the Court pose the following questions to the government in open court:

1) when did Mr. Gregory first recognize the potential conflict between Mr. Wilbern and Mr. Lofton; 2) what steps did he take to alert the Court of any potential conflict between Mr. Wilbern and Mr. Lofton; 3) if no steps were taken, why did the government fail to disclose this potential conflict until June 19, 2018; 4) under what circumstances is the Government obligated to disclose a potential conflict of interest to the Court and/or defense counsel; and 5) at what point after recognizing the potential conflict does this obligation arise.

To be clear, this is not a situation in which two different AUSA's handled the cases involving each defendant. On the contrary, Mr. Gregory has personally prosecuted Mr. Lofton since his arrest in 2004 to the present. And while it appears another attorney handled the direct appeal, Mr. Gregory later responded to *habeas corpus* petitions filed by Mr. Lofton in the District Court and is currently one of the attorneys of record on the matter pending before the Second Circuit. Indeed, he filed all of the pleadings before the Circuit on behalf of the government. At the same time, it appears from the discovery in Mr. Wilbern's case that Mr. Gregory himself has been involved in the Xerox homicide/robbery investigation from the outset, and that Mr. Lofton was investigated and identified as a suspect as early as 2003. (Mr. Lofton's federal charges were initiated in 2004).

Of course, the defense is not in a position to know what steps the Government has taken to alert the Court to the conflict, nor do we suggest that Mr. Gregory has made any missteps. Perhaps he alerted Magistrate Judge Feldman to the conflict when the Federal Public Defender's Office was assigned to represent Mr. Wilbern in September of 2016. It may also be that he alerted this Court directly at the initiation of Mr. Wilbern's prosecution or shortly thereafter. From the defense perspective, however, it seems that Mr. Gregory's revelation may have been provoked only by his discovery that the Federal Public Defender's Office had already alerted the Court to the conflict.

For these reasons, and in order to protect the record (as the Government requests in its own letter), the Court should inquire of the government as outlined above.

Respectfully submitted,

Sonya A. Zoghlin
Assistant Federal Public Defender

cc: Douglas Gregory, AUSA (via e-mail)
    Scott Green, Esq. (via e-mail)
    David Rothenberg, Esq. (via e-mail)