ENCLOSURE

 

**Office of Chief
Medical Examiner**

**Florence Hutner, General Counsel**
421 E. 26th Street, New York, NY 10016
Telephone: 212.323.1901   Fax: 646.500.5583
Email: fhutner@ocme.nyc.gov
Official Website: www.nyc.gov/ocme

The Honorable Jonathan W. Feldman
United States Magistrate Judge
United States District Court for the
    Western District of New York
Keating Federal Building
100 State Street
Rochester, NY 14614
*via email to Jonathan_Feldman@nywd.uscourts.gov*

Re: *United States v. Richard Leon Wilbern*, 6-17-cr-06016-CJS-JWF

Dear Judge Feldman:

The New York City Office of Chief Medical Examiner (OCME) has received and is prepared to comply with this Court's order of November 5, 2018 requiring OCME to provide the government with "'all non-conforming events' at OCME from 2011 through 2017 involving OCME employees who performed any work on or testing of DNA that the government claims connects the defendant to the crimes charged." Order, *United States v. Wilbern*, 6-17-cr-06016-CJS-JWF (Document 63, filed Nov. 5, 2018) (the "Non-Conformity Production Order") (original emphasis).

For the reasons set forth below, OCME respectfully requests that this Court order limited protection of the documents to be produced, only to the extent of preventing the disclosure or use of these voluminous materials outside the instant proceeding. As discussed further in this letter, such an order would serve the interests of justice by providing transparency into the OCME analysis to defendant in the context of this criminal matter, while also protecting the rigorous quality assurance, self-reporting, and extensive investigation of non-conforming work in OCME's Forensic Biology Department, as well as respecting the private nature of personnel records.

**The OCME Forensic Biology Department's Non-Conforming Work Process and Reports**

For the OCME Forensic Biology Department – its DNA laboratory – to keep up its professional accreditations,[1] the laboratory maintains a strict quality assurance program staffed by ten forensic scientists and supervised by an Assistant Director of the laboratory – fully 5% of the laboratory's total staffing. This program includes an extensive process for reporting, correcting, and determining

---

[1] The OCME Forensic Biology Department is accredited by an external body, ANAB (the ANSI-ASQ National Accreditation Board), and by a government oversight agency, the New York State Commission on Forensic Science. *See* N.Y. Exec. Law, Article 49 (§ 995 *et seq.*).

the root cause of non-conforming events, from typographical errors to "significant events" that materially affect a published laboratory report. *See* Forensic Biology Quality Assurance/Quality Control Manual, "Control of Non-Conforming Work" (the "Non-Conformity Manual") (available at https://www1.nyc.gov/assets/ocme/downloads/pdf/technical-manuals/qaqc-procedures-manual/control-of-non-conforming-work.pdf); *see also* N.Y.C. Admin. Code § 17-207(a)(5) (2018) (defining "significant event" for purposes of applicable Root Cause Analysis law).

The laboratory defines "non-conforming work" as "any technical work which does *not* meet the Department of Forensic Biology's stated standards, either with respect to mode of execution or outcome." Non-Conformity Manual ¶ 1.1. Such work can include a "technical, analytical or clerical error or … problem that may compromise evidence integrity, the accuracy of casework analysis or results reported", which must be reported immediately. *Id.* ¶ 2.1. The laboratory strongly encourages staff to self-report non-conformities of all magnitudes, as well as to report the errors of others. The response to non-conforming work can range from minor corrections of a non-technical nature or performing rework, *id.* ¶ 5.1, to more serious issues that require internal laboratory investigation and reporting, *id.* ¶ 5.2, to "significant events" that fall within the scope of New York City's Root Cause Analysis Law, N.Y.C. Admin. Code § 17-207, and must undergo a thorough root cause analysis investigation by the agency's Quality Assurance Director and be reported to external agencies as well as internally. *Id.* ¶¶ 6.2-6.3.

The OCME's non-conformity reports are intrinsic to the laboratory's quality assurance process. That process permits OCME employees to share their observations and opinions freely, both requiring and promoting frank communication within the agency. To maintain the level of candor and freedom from fear of retribution necessary for effective self-reporting, it is critical to protect these reports from disclosure in the criminal justice system that is broader than necessary. A defendant is certainly entitled to fully explore potential flaws in the analysis associating that defendant's DNA with evidence in the case. However, especially to the extent that the reports ordered to be provided in a matter concern other criminal proceedings, there is no basis for permitting their use outside the defendant's own criminal matter. Broader disclosure of the contents of these reports would likely have a chilling effect on the free exchange of information within the laboratory. Such disclosure would thus impede OCME's ability to maintain as rigorously high a level of quality assurance – and quality work – as it currently does and must maintain to keep its professional accreditation and its sterling reputation.

Additionally, non-conformity reports contain a candid assessment of employee performance, including corrective action if warranted. As these reports are considered in making personnel decisions, they should be accorded the same level of protection as other personnel documentation, which is generally confidential in nature.

**The Non-Conformity Reports Associated with OCME Employees Who Performed Work Related to This Proceeding**

OCME has identified 459 pages of nonconformity reports to be produced in accordance with the Non-Conformity Production Order. Within that volume of material, only *two* of the nonconformity reports are specifically associated with the DNA analysis conducted in this case: one each for the analysis of the evidence sample and the analysis of defendant's own DNA sample. Because defendant requested all non-conformity reports that are associated with all sixteen scientists associated with the analysis of the evidence sample, and all twelve scientists associated with the

analysis of defendant's known sample, for all years from 2011-2017, the vast majority of responsive documents are unrelated to this proceeding. It is difficult to imagine that a vigorous defense in this matter requires the use of those reports outside this proceeding. Rather, OCME's interests in maintaining its robust quality assurance program, in ensuring open and honest communication to expose even the most minor of errors, and in protecting its employees' personnel records outweigh any benefit in making the documents generally public.

## Appropriately Limited Protection of the Non-Conformity Reports

Courts commonly uphold the confidential nature of certain government communications to foster candid discussion among agency employees. *See, e.g., In re Delphi Corporation v. United States*, 276 F.R.D. 81, 84 (S.D.N.Y. 2011) (recognizing chilling effect of disclosure on candid discussions among agency employees, in context of deliberative process privilege under FOIA). In the discovery context, balancing these interests can lead to complete nondisclosure of documents. *See In the Matter of World Trade Center Bombing Litigation*, 93 N.Y.2d 1, 9 (1999) (consideration of nondisclosure "can include the weighing of 'the encouragement of candor in the development of policy against the degree to which the public interest may be served by disclosing information which elucidates the governmental action taken'"). Here, OCME does not seek the extreme protection of nondisclosure; rather, it seeks merely to limit the use of the produced materials to the instant proceeding.

Should the Court be amenable to the issuance of a protective order, OCME would be pleased to submit a proposed form of order. If the Court decides to deny OCME's request for limited protection of the documents to be produced, OCME will redact the non-conformity reports relating to cases other than this proceeding to protect information relating to other criminal defendants and OCME analysts not involved with the testing and analysis in this case, none of which is responsive to the Non-Conformity Production Order. We would request an additional two weeks to perform these redactions.

I thank the Court for its consideration of this request.


Respectfully.

Florence Hutner

c:
Douglas E. Gregory, Assistant United States Attorney, *via email to Douglas.Gregory@usdoj.gov*
Anne M. Burger, Federal Public Defenders Office, *via email to Anne_Burger@fd.org*

3