IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                                                            17-CR-6016CJS

       v.

RICHARD LEON WILBERN,

                   Defendant.

_____

# THE GOVERNMENT'S RESPONSE IN OPPOSITION
# TO DEFENDANT'S MOTION TO SUPPRESS JAIL PHONE CALLS

      The United States of America, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Douglas E. Gregory, Assistant United States Attorney, of counsel, hereby files its response to the pretrial motion of defendant Richard Wilbern, filed under ECF Document 74 (17-CR-6016/January 3, 2019).

**I.    Relevant Facts**

      The defendant, a previously convicted felon, is charged with the unlawful possession of four firearms located inside the single-car garage at 27 Tubman Way in the City of Rochester. Since his arrest on September 27, 2016, the defendant has been held exclusively at the Monroe County jail. In a letter dated January 19, 2018, the defense requested the government turn over a lengthy list of items, to include any "jail phone recordings" of calls made by Richard Wilbern from the Monroe County jail. On February 16, 2018, the government affirmatively responded to that request, indicating that any "jail phone recordings" could be obtained by a defense subpoena addressed directly to the Monroe County Sheriff, under whose control the recordings

were maintained.  *See* Relevant Portions of Government's Responsive Letter, dated February 16, 2018, attached as Exhibit A. [1]

## II.   Discussion

### a.   The Government Complied with Rule 16(a)(1)(B) and Provided the Defendant With a Timely and Sufficient Opportunity to Object

On October 1, 2018, pursuant to Rule 16(a)(1)(B), the government informed the defense that relative to Indictment 17-CR-6016, the government would rely upon several statements, to wit, recorded phone calls made by Richard Wilbern from the Monroe County jail in which he claimed ownership of personal items which were maintained inside the garage at 27 Tubman Way.  The exact calls the government intends to offer at trial were provided to the defense on October 11, 2018, thus providing the defense with ample opportunity to object under Rule 12(b)(3)(C).  The instant pre-trial motion to suppress the statements was lodged on January 3, 2019.  Because these matters can and will be determined well prior to the commencement of trial, the defendant cannot claim any prejudice.

---

[1]   The defendant's submission appears to accuse the government of either ignoring the defendant's requests, or worse, acting in bad faith by withholding the requested information. This is confusing given the Government's February 16, 2018 Responsive Letter, which clearly evidences the fact that the request was not ignored.  Nor did the Government withhold anything that was not otherwise available to the defense.  The information defendant seeks is, was, and remains entirely available to him through the exercise of due diligence.  Inasmuch as the defendant knows full well whether or not he placed calls from the Monroe County jail, a simple request to obtain the phone recordings pursuant to a Rule 17 subpoena would have provided his attorneys with the very information they desired.  While the government certainly has an obligation to turn over Rule 16 and *Brady* materials, it does not have an obligation to seek out and gather any and all information for the defense, particularly where that information is equally available to both parties.

### b.     Defendant's Motion to Suppress Jail Recordings

Wilbern seeks the suppression of recordings of telephone calls he made while he was incarcerated at the Monroe County jail on the grounds that the calls were intercepted in violation of the First Amendment and the Electronic Communications Privacy Act ("Title III") 18 U.S.C. §§ 2510–22.  At the outset, it is important to note that in moving to suppress the jail recordings, the defendant does <u>not</u>, and frankly without committing perjury could not, advance a claim that he was not made aware of, or sufficiently warned, that all telephone calls from the jail were subject to monitoring and recording.[2]  Instead, he raises a purely legal issue – to wit, that the general policy of monitoring calls and the "wholesale" recording of his jail telephone conversations violated statutory and constitutional provisions.  Because the issue is limited to a question of law, it is fully resolvable on the submissions without the need for any factual hearings.

Wilbern's various challenges to the monitoring and recording of his telephone conversations have routinely been rejected in the Second Circuit.  While courts are cognizant of the general proposition that Title III forbids the intentional interception of wire communications, such as telephone calls, when done without court-ordered authorization. 18 U.S.C. §§ 2510-2522, and that Title III prohibits the intentional interception of telephone calls and admission at trial of any recordings of unlawfully intercepted telephone calls. *United States v. Friedman*, 300 F.3d 111, 120 (2d Cir. 2002) (citing 18 U.S.C. §§ 2510–2522), *cert.*

---

[2]     Not surprisingly, the defendant has not tendered any sworn affidavit which would raise a material issue of fact.  In contrast, and simply to complete the record, the government submits a sworn affidavit from Charles Facteau, the Systems Administrator for Inmate Services and the Monroe County Jail, which outlines the procedures implemented at the Monroe County jail to advise and warn inmates that all phone calls are subject to monitoring and recording. *See* Exhibit B.

*denied*, 538 U.S. 981 (2003), they have also recognized that Title III allows for certain exceptions. Among them, the statute provides that "[i]t shall not be unlawful ... for a person acting under color of law to intercept a wire, oral, or electronic communication, where ... one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). Consent may be either express or implied. *United States v. Workman*, 80 F.3d 688, 692 (2d Cir. 1996), *cert. denied*, 519 U.S. 938 (1996); *United States v. Amen*, 831 F.2d 373, 378 (2d Cir. 1987).

The Second Circuit has repeatedly held that prison inmates impliedly consent to have their telephone conversations monitored where they have received notice of the monitoring and nevertheless use the prison telephones. *See United States v. Willoughby*, 860 F.2d 15, 21 (2d Cir. 1988), *cert. denied*, 488 U.S. 1033 (1989) (finding consent where defendant was provided notice of the monitoring and recording program, including signage posted by each telephone, and a form describing the policy and requiring a signature); *Amen* at 379 (defendant impliedly consented where notice was provided through an orientation lecture, the inmate handbook, and notices placed next to the telephones). Other circuits are in accord. *United States v. Footman*, 215 F.3d 145, 154 (1st Cir. 2000); *United States v. Hammond*, 286 F.3d 189, 192 (4th Cir. 2002), *cert. denied*, 537 U.S. 900 (2002); *United States v. Moore*, 452 F.3d 382 (5th Cir. 2006); *United States v. Horr*, 963 F.2d 1124, 1126 (8th Cir. 1992); *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996); *United States v. Faulkner*, 439 F.3d 1221, 1224 (10th Cir. 2006) (it is generally accepted that a prisoner who places a call from an institutional phone with knowledge that the call is subject to being recorded has impliedly consented to the recording).

Thus, in *United States v. Anderson*, 2012 WL 3648189 (W.D.N.Y. May 29, 2012) (Feldman, MJ), Report and Recommendation Adopted, 2012 WL 3648142 (W.D.N.Y. 2012) (Siragusa, J), this Court upheld the Monroe County jail's system of recording and monitoring inmate telephone calls and denied the defendant's Title III challenges to such recording and monitoring. In rejecting defendant's Title III challenge, this Court cited to well-established Second Circuit law:

> As to the alleged Title III violation, Anderson's legal arguments are without merit. While it is clear that an inmate like Anderson is entitled to the protections afforded by Title III to be free from unauthorized interception of his telephone calls, *see United States v. Amen*, 831 F.2d at 378, no violation of Title III occurs where the inmate has consented to the interception. *United States v. Workman*, 80 F.3d 688, 692 (2d Cir.1992). Here, the Government has proffered, and the defendant does not dispute, that both jails at issue here gave a recorded verbal warning to the inmate at the beginning of the call that the telephone conversation may be recorded or monitored by jail officials.

*Anderson*, 2012 WL 3648189, at *4.

Citing the *Anderson* case, Magistrate Judge Marian W. Payson similarly found no violation of defendant's First Amendment rights nor a Title III violation in the case of *United States v. Simmons*, 2016 WL 285176 (W.D.N.Y. January 22, 2016) (Payson, MJ), Report and Recommendation Adopted, 2016 WL 1127802 (W.D.N.Y. March 23, 2016) (Siragusa, J). In *Simmons*, the defendant argued that the recording of his calls violated Title III because it was done without his consent, either express or implied, and for no legitimate penological purpose. The Court determined otherwise, finding that because the defendant received clear notice at each of the facilities that his telephone calls could or would be monitored or recorded, "his decision to initiate telephone calls despite that notice establishes his implied consent to the recording and monitoring of his telephone calls." *Simmons,* 2016 WL 285176, at *25, *citing*

*Workman*, 80 F.3d at 693 (implied consent where defendant was provided notice of monitoring through New York regulations, a sign placed near each telephone, and an orientation handbook); *Willoughby*, 860 F.2d at 20. Accordingly, the Court denied the suppression motion on both First Amendment (citing *United States v. Colbert*, 2011 WL 3360112, *8 (W.D.P.A. 2011)), and Title III grounds. *See also United States v. Swinton*, 2016 WL 537061 (W.D.N.Y. 2016) (similar constitutional and statutory arguments raised and rejected).

The *Simmons* decision was issued on the heels of yet another case litigated before the Hon. Marian W. Payson. In *United States v. McAuley*, 2014 WL 7796696 (W.D.N.Y. 2014), Report and Recommendation Adopted, 2015 WL 540738 (W.D.N.Y. 2015) (Siragusa, J), *aff'd*, 2015 WL 6445022 (2d Cir.2015), the defendant claimed that he did not receive any notice that his calls were subject to recording and objected to the calls as not being related to institutional security. Finding evidence to the contrary, in the form of an affidavit submitted by an FBI agent familiar with the detention facility, the Court determined McAuley did receive clear notice. Thus, having received such notice, "[McAuley's] decision to initiate telephone calls despite that notice establishes his implied consent to the recording and monitoring of his telephone calls." 2014 WL 7796696 at *35. Given the finding of implied consent, the Court denied McAuley's motion to suppress.

Here, Wilbern does not allege that he did not receive proper notification and/or warning that his phone calls would be monitored and recorded at the Monroe County jail. In fact, as to the nine jail calls supplied to the defense, each call contains a clear, pre-recorded warning to the parties that the calls are subject to monitoring and recording. Given the lack of a factual dispute on that issue, the only question to be resolved is whether his willful and

6

knowing decision to utilize the phone, despite being warned that the conversations were subject to monitoring and recording, indicated his implied consent. As outlined above, that question has long been resolved. *See also United States v. Laster*, 2007 WL 2872678, (S.D.N.Y.2007) *aff'd* 313 Fed Appx 369 (2d Cir. 2009) (finding no violation where defendant was made aware that his phone calls were subject to recording). Accordingly, having consented to the recording of his jail calls, the defendant waived any constitutional and Title III statutory claims he may have. His motion to suppress can therefore be denied on the submissions.

**Motion for a Trial Date**

The undersigned hereby moves the Court to set a date certain for trial in this matter. *United States v. Tigano*, 880 F.3d 602 (2d Cir. 2018).

**Conclusion**

For the reasons specified herein, the defendant's motions for various forms of relief should be denied.

Dated: January 16, 2019
      Rochester, New York

Respectfully submitted,

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: s/DOUGLAS E. GREGORY
Assistant United States Attorney
United States Attorney's Office
100 State Street, Room 500
Rochester, New York 14614
585/263-6760
Douglas.Gregory@usdoj.gov

cc: Anne Burger, AFPD
    Sonya Zoghlin, AFPD
    Joel Violanti, AUSA