UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-vs-

RICHARD LEON WILBERN,

Defendant.

DECISION & ORDER

17-CR-6016-CJS-JWF-1
17-CR-6017-CJS-JWF-1

---

**Siragusa, J.** The above-captioned case came before the Court sua sponte, based upon a potential issue relating to the Court's Decision and Order, filed on July 2, 2018, ECF No. 55, deciding that the Western District Federal Public Defender's ("WDFPD") Office could continue to represent the Richard Leon Wilbern ("Wilbern") in these cases. In that regard, the Court determined that the potential conflict of interest arising from the WDFPD's then-concurrent representation of Wilbern and Thomas Terrell Lofton ("Lofton") was waivable and that Wilbern and Lofton each had knowingly, voluntarily, and intelligently waived the potential conflict allowing the WDFPD to move to withdraw from representing Lofton at the Court of Appeals, and continue to represent Wilbern in this Court. *Id.* at 4–5.

By letter dated January 7, 2019, which the Court received late in the day on January 8, David Rothenberg, Esq., whom the Court had appointed as conflict-free counsel to represent Thomas Terrell Lofton, advised the Court of a communication he had received from the WDFPD. In that regard, Mr. Rothenberg's letter indicated that Lofton had reached out to the WDFPD because the Second Circuit Court of Appeals had not yet assigned a new attorney to represent him on his second § 2255 application currently pending before the Second Circuit. *United States v. Thomas Terrell Lofton*, No. 16-1490-OP (2d Cir. May 10, 2016).

By its Docket No. 41 (copy attached), the Second Circuit granted the WDFPD's application to be relieved as counsel representing Lofton, but denied his request to assign a new counsel, rather deferring the decision whether to do so to a three-judge panel. In response, the WDFPD, Marianne Mariano, wrote a letter to Ms. Catherine O'Hagan Wolfe, Clerk of the Court, indicating in pertinent part the following: "Of relevance here, Lofton did agree to waive the conflict of interest, with the understanding that we would move to be relieved and he *would have a new attorney assigned to assist him*." Letter from Marianne Mariano to Catherine O'Hagan Wolfe (Jul. 2, 2018) at 2 (emphasis added).

On January 14, the Court learned from Ms. Mariano that, despite her efforts to follow up on her letter, new counsel was not assigned to represent Lofton. As indicated previously, apparently Lofton reached out to Ms. Mariano's office to bring to their attention that he had not yet been assigned a lawyer.

The background of Lofton's case pending before the Second Circuit is this. On May 10, 2016, he filed a petition seeking certification for a second or successive motion pursuant to 28 U.S.C. § 2255(h). On July 18, 2016, the Second Circuit issued an Order (Docket No. 30, copy attached) staying Lofton's case pending its decisions in two other cases: *United States v. Hill*, No. 14-3872, and *United States v. Barrett*, 14-2641. The WDFPD represented Lofton at that time. The Circuit Court further ordered that "within 30 days from the filing of decisions [in those two cases], whichever is filed later, the Petitioner shall file a letter brief addressing the impact of those decisions on the pending motion." Order at 1. The Circuit decided both cases and each defendant applied for certiorari to the Supreme Court. That Court denied certiorari in *Hill*, Supreme Court Docket No 18-6798 (Jan. 7, 2019) but has not yet decided certiorari on *Barrett*, Supreme Court Docket No. 18-6985. In the meantime, the Supreme Court granted certiorari in *Davis v. United States*, No. 18-525 (Jan. 11, 2019), which raises

issues similar, if not identical, to those raised by Lofton in his petition before the Second Circuit.

On January 14, the Court called Ms. Wolfe, explained the situation and discussed the urgency of assigning Lofton new counsel, since his waiver of a conflict with the WDFPD's office followed assurance that he would, in fact, be assigned a new attorney, not an indication that he would have to make an application before the three-judge panel to obtain newly assigned counsel.

Ms. Wolfe returned the Court's call stating that Lofton's case remains stayed and that the original petition to relieve the WDFPD did not contain the information subsequently provided in Ms. Mariano's letter of July 2, 2018. Ms. Wolfe explained to my law clerk that she had informally provided that information to the panel that issued the Order relieving the WDFPD and deferring the question of appointing new counsel. She stated that she would use her best efforts to attempt to resolve the Court's concern, but of course could not guarantee that the panel would reconsider its decision to defer appointment of new counsel. She further pointed out that, unfortunately, no appropriate mechanism existed to raise the issue before that panel, other than a *pro se* application by Lofton, which would not be in keeping with the understanding he had when he waived the conflict.

By email sent on Wednesday, January 16, 2019, at 4:53 p.m., the Court detailed the above for all counsel, including counsel for the government, counsel for the defendant, and David Rothenberg, Esq. In that email communication, the Court indicated that despite the lack of counsel to date, Lofton had suffered no prejudice.

On January 18, 2019, the Court learned from ASUA Douglas Gregory that Ms. Wolfe's efforts had reached fruition and that the Court of Appeals had assigned Lofton new counsel.

Having verified that the Second Circuit had signed an order appointing counsel for Lofton, the Court concluded, based on the status of his case, that no issue existed with respect to the validity of Lofton's waiver of the potential conflict of interest. Defense counsel and Mr. Rothenberg concurred, while the government reserved its objection to the Court's original Decision and Order allowing the WDFPD to continue to represent Wilbern.

Accordingly, the Court, after due consideration of the above, reaffirms its Decision and Order of July 2, 2018, ECF No. 55, nunc pro tunc to January 18, 2019, and determines that the WDFPD's representation may continue and the waivers previously executed remain valid.

IT IS SO ORDERED.

Dated: January 28, 2019
      Rochester, New York    ENTER:    <u>Charles J. Siragusa</u>
                                                    CHARLES J. SIRAGUSA
                                                    UNITED STATES DISTRICT JUDGE