**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

RICHARD LEON WILBERN,
          Defendant.

**LIMITED PROTECTIVE ORDER**
17-cr-6016-CJS-JWF
17-cr-6017-CJS-JWF

## Procedural Background

On November 5, 2018, this Court granted defendant Richard Leon Wilbern's ("the defendant" or "Wilbern") motion for discovery seeking disclosure of "all non-conforming events" at the Office of the Chief Medical Examiner of the City of New York ("OCME") involving OCME employees who performed any work on or testing of DNA that the government claims connects the defendant to the crimes charged for the period from 2011 through 2017.[1] See Docket # 63 (Case No. 17-cr-6016); Docket # 87 (Case No. 17-cr-6017).

Thereafter, counsel for OCME indicated that they would provide the materials to counsel for the defendant but requested a protective order limiting the disclosure of these materials to the "defense team" for use only in preparing for trial on the pending federal court charges. OCME argued that disclosing the

---

[1] The government has already disclosed to defense counsel the nonconformity reports that are associated with the actual DNA analysis conducted by OCME in this case. What is at issue here and covered by this Order are nonconformity reports concerning OCME employees "who performed any work on or testing of DNA that the government claims connects the defendant to the crimes charged." See Docket # 63.

1

materials to others outside the defense team without prior court authorization would adversely impact OCME's "quality assurance process" which depends on and encourages frank and candid self-reporting of non-conforming events and would allow disclosure of private employee performance information which is generally held to be confidential in nature.

The defendant objected to the entry of any protective order limiting his ability to disseminate the OCME materials. The defense, among other things, asserts that there are outside lawyers and "informal experts" who they want to "collaborate with" who do not want to be bound by any protective order. Accordingly, the defense argues, entry of any order that limits their ability to share these materials "would deprive Mr. Wilbern's defense team of meaningful tools with which to defend him." See Docket # 75.

### Limited Protective Order

During the motion hearing all counsel agreed to a limited protective order ("LPO") that the Court suggested would balance their competing interests. This LPO, as set forth below, is entered pursuant to Federal Rule of Criminal Procedure 16(d) and requires as follows:

1. OCME shall provide two sets of the materials previously ordered to be produced to the government and the defendant's attorneys. One set shall be complete and unredacted. The second set may be redacted to eliminate (a) the name (or identifying

information such as employee number) of any OCME laboratory employee and (b) any information relating to the identification of victims. In all other respects, the redacted set shall be a full and complete copy of the materials subject to production.

2. The defendant's attorneys may disclose materials in the unredacted set of documents to other members of the defense team[2] so long as those who receive any materials from the unredacted set agree in writing not to disclose, disseminate, or reveal the content of the unredacted materials to any other person not authorized to have unredacted materials pursuant to this LPO. If disclosure is made to anyone on the defense team who is not an employee of the Federal Public Defender's Office for the Western District of New York (for example, a retained expert), such writing shall include an acknowledgment that the individual receiving the unredacted materials has read this LPO and agrees to abide by its terms, subject to penalty of contempt of court.

3. The redacted set of materials produced pursuant to this LPO is not subject to the disclosure limitations set forth in this LPO. Any member of the defense team who is authorized to receive unredacted materials may also receive a set of the redacted

---

[2] The defense team, as used herein, includes full or part-time employees of the Federal Public Defender's Office for the Western District of New York to whom disclosure of unredacted materials is necessary to the defense of these cases. The defense team also includes independent experts retained or consulted by the defendant's attorneys for the specific purpose of assisting in the defense of Wilbern in the federal prosecutions now pending in the Western District of New York.

documents in order to assist them in identifying redactions and complying with the LPO.

4. For demonstrated good cause, and upon notice to both the government and counsel for OCME, the defendant's attorneys may seek authorization from the Court for relief from the LPO with respect to a particular document or a particular OCME employee.

5. Nothing in this LPO shall limit the defense or the government from seeking to introduce at trial any unredacted document that is produced pursuant to this LPO. Issues regarding the admissibility or public disclosure of any unredacted document sought to be used at trial shall be determined by the trial judge.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: January 28, 2019
       Rochester, NY